The opinion of the court was delivered by
Huston, J.
The plaintiff in error, who was plaintiff below, brought against the defendant an action of debt on a single bill for two hundred dollars, dated in 1805, payable on demand. Many depositions were taken by the parties, and filed in the cause. The defendant, who had pleaded payment with leave, &c., endeavoured to make out a case of this kind: That the plaintiff] in 1805, lived in Berks county, and, becoming dissatisfied with his family, determined to desert them, and did so; that being the owner of a house and sixteen acres of land, incumbered by mortgage, and one or more judgments, he appointed the defendant to act as his agent in his absence, and gave him directions to buy in the property when it should be sold by the sheriff, unless it was bid to a fair price by others; if he bought it in, to sell it and pay plaintiff’s debts and account for proceeds. Whether this two hundred dollars was to secure a debt due precisely from Beckley, or evidenced a loan of money then made, or was for money left with him expressly to enable him to buy in the property, if it was likely to be sacrificed, was disputed, and did not appear very clearly in the cause.
The defendant wished to prove that he expended the whole two hundred dollars in paying the plaintiff’s debts: this was objected to, as not admissible in this case. It has been decided in 4 Serg. <§* Rawle, 309, that where a debtor is directed to pay what he owes to a creditor of his creditor, it is to be considered as paid to his creditor; and may, if fully proved, be given in evidence under the plea of payment: it is, in fact, a payment, for he who pays any debt by my direction pays me.
The plaintiff took, among others, the deposition of a man who was a witness of the execution of the single bill, and who proved *265 it. The witness then proceeded to state that the plaintiff, Breyfogle, had business with the witness about a debt he owed, and told him he had appointed Beckley to do his business, and that he understood Beckley aided in Breyfogle’s business. This latter part of the deposition the plaintiff did not read, and the defendant offered to read it, and it was admitted, and the plaintiff excepted. Generally where a witness swears to what is understood, it is objectionable; and, where the party who took the deposition offers to read it, it will be rejected; but where a witness for one party is examined, and the party reads so much of his deposition as supports his own case and stops, the other party may read the rest of the deposition* which is in his favour, unless there is some stronger objection to it, than that it is somewhat vague. I do not say it can always be done, nor is it easy to lay down a rule so specific as to meet every possible case. There was no error here, for the first part of the sentence, viz. what Breyfogle told him, was clearly evidence against Breyfogle, and the latter under these circumstances might go along with it. The plaintiff had entered a commission to take the deposition, and named his commissioner: the commission was directed to George Dunlair: the prothonotary swore that when the rule for a commission was entered, the name being an unusual one to him, he asked the attorney what the name was? who repeated it. The prothonotary asked him again, and he answered by repeating the letters distinctly, Dunlair. The commission was executed and returned by George Dunbar, and was objected to, as not being executed and returned by the commissioner named.
I have no doubt that the client had written to his lawyer a letter naming the commissioner, but writing the name so indistinctly, that the lawyer mistoook it. I also suppose the commission was really executed by the very man Breyfogle intended, but whose name his attorney mistook in entering the commission. I have tried to support the commission, but I believe it cannot be done without breaking down all the rules on this subject. It is not the same name, not sounding the same: if it were, I would be for supporting it, though differently spelled; it would be safer to direct a commission, leaving the name of the commissioner blank: there may be a man of the name in the commission. There was no error in rejecting the commission.
The single bill was payable on demand, the court directed the jury that it bore interest only from the time of the demand; the law seems to be so settled, and moreover, in this case, it fully appeared, that when it was given, the plaintiff had determined to go from his place of abode, but did not know where, nor when he would return. We ,hear no more of him until 1818, when he comes back. Under such circumstances, the charge was clearly right.
Judgment affirmed,